

# In the United States Court of Federal Claims

No. 17-180C

(Filed: May 10, 2017)

**(NOT TO BE PUBLISHED)**

**FILED**

MAY 1 0 2017

U.S. COURT OF
FEDERAL CLAIMS

**************************************

|  |  |
|---|---|
| CHERYL THERIOT, DARIUS THERIOT, JAMES THERIOT, and TREY SHAW-THERIOT, | ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant. | ) ) |

**************************************

Cheryl Theriot, Detroit, Michigan, *pro se*.

Jimmy S. McBirney, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Chad A. Readler, Acting Assistant Attorney General, Civil Division, Robert E. Kirschman, Jr., Director, and Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## ORDER

LETTOW, Judge.

Plaintiffs seek $350,000 in monetary relief from the United States ("the government") for the alleged breach of an "expressed and implied contract" between plaintiffs and the government, acting through the United States Department of Housing and Urban Development ("HUD"). Plaintiffs specifically allege that the government was bound by contract to assist them in finding suitable housing pursuant to various federal statutes, including the Fair Housing Act of 1968, and that the government breached this contract through the "use of contrived and punitive guidelines" that "severely limit[ed] [p]laintiff[s'] eligibility and accessibility to suitable housing due to the loss of monetary resources for housing and the lack of suitable housing available." *See* Compl. ¶¶ 2-5. Plaintiffs previously filed a similar suit in this court, alleging discrimination under the Fair Housing Act. *See Theriot v. United States*, No. 15-1038C, 2015 WL 7730947, at *1 (Fed. Cl. Nov. 25, 2015). The court dismissed plaintiffs' previous case for lack of subject

matter jurisdiction. *Id.* Plaintiffs have noted that their previous case is directly related to this one. *See* Notice of Directly Related Case, ECF No. 3.

Pending before the court is the government's motion to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"), ECF No. 7. The motion has been fully briefed and is ready for disposition.

## STANDARDS FOR DECISION

Plaintiffs have the burden of establishing jurisdiction. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).[1] The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). As a purely jurisdictional statute, however, the Tucker Act does not provide a plaintiff with any substantive rights. *United States v. Testan*, 424 U.S. 392, 398 (1976). To perfect jurisdiction under the Tucker Act, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *Testan*, 424 U.S. at 398).

## ANALYSIS

As in their previous case, plaintiffs have failed to establish jurisdiction in this court. First, none of the statutes they cite in support of their claims are money-mandating. Plaintiffs again rely on the Fair Housing Act, specifically 42 U.S.C. §§ 3604, 3605, 3615, and 3617. *See* Compl. ¶ 3. In plaintiffs' prior case, the court held that these provisions are neither money-mandating nor provide this court with authority to grant equitable relief. *See Theriot*, 2015 WL 7730947, at *1 (citing *Allen v. United States*, No. 14-179C, 2014 WL 3767128, at *3 (Fed. Cl. July 30, 2014) (in turn citing *Fennie v. United States*, No. 12-272C, 2013 WL 151685, at *1 (Fed. Cl. Jan. 4, 2013))). Plaintiffs also cite to the Housing and Community Development Act of 1992, Pub. L. No. 102-550, Title VI, § 643, 106 Stat. 3672, 3821 (codified at 42 U.S.C. § 13603), 42 U.S.C. § 3532 (establishing HUD as a federal agency), the Intergovernmental Cooperation Act of 1968, Pub. L. No. 90-577, § 106, 82 Stat. 1098, 1099-100 (providing a definition of "grant" or "grant-in-aid"), and the Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327 (codified at 42 U.S.C. § 12101). *See* Compl. ¶¶ 2-3, 5. None of these statutes create a right to money damages cognizable in this court under the Tucker Act. *See, e.g., Searles v. United States*, 88 Fed. Cl. 801, 805 (2009) (holding that the Court of Federal

---

[1]Plaintiffs have appeared *pro se*, and the submissions of such litigants are traditionally held to "less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). "This latitude, however, does not relieve a *pro se* plaintiff from meeting jurisdictional requirements." *Bernard v. United States*, 59 Fed. Cl. 497, 499, *aff'd*, 98 Fed. Appx. 860 (Fed. Cir. 2004) (per curiam); *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

Claims lacks jurisdiction under the Americans with Disabilities Act because the statute vests exclusive jurisdiction in the district courts) (citations omitted).

Plaintiffs' attempt to couch their allegations as contractual claims against the government also fails to establish jurisdiction. To state a claim for breach of contract, plaintiffs must allege "(1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989). Plaintiffs allege that they have a contract with a government, creating a "mandated duty to assist [p]laintiff[s] in finding suitable housing," by virtue of the Fair Housing Act and other cited statutes. *See* Compl. ¶¶ 2-3 ("Plaintiff[s] maintain[] that the [d]efendant is duty bound to assist [p]laintiff[s] administratively, as well as financially, as it relates to suitable housing for [p]laintiff[s]. Plaintiff[s] assume[] the foregoing to be true under the guidelines set forth in [the Fair Housing Act]."). However, statutory provisions alone cannot create an express or implied contractual right between the government and an individual. A valid contract with the government arises only if three elements are met: (1) mutual intent to contract, including an unambiguous offer and acceptance; (2) consideration; and (3) a government representative who had actual authority to bind the government. *See La Van v. United States*, 382 F.3d 1340, 1346 (Fed. Cir. 2004) (citations omitted). Plaintiffs have failed to allege any of these elements with respect to their purported contract with the government. Therefore, as they have not alleged a valid contract with the government, plaintiffs have failed to establish jurisdiction over their contract claims.

In sum, there is no jurisdictional basis for plaintiffs' complaint, and therefore it must be dismissed.

## CONCLUSION

For the reasons stated, defendant's motion to dismiss is GRANTED.[2] The clerk shall enter judgment in accord with this disposition.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

[2]Plaintiffs' application for leave to proceed *in forma pauperis*, ECF No. 4, is GRANTED. Plaintiffs' motion for referral to ADR, ECF No. 5, is DENIED.